IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARY VERNON HEESCH,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL COMMITTEES OF THE REPUBLICAN AND DEMOCRATIC PARTIES, AND THE REPUBLICAN AND DEMOCRATICS AFFILIATES IN ALL FIFTY STATES OF THE UNITED STATES OF AMERICA,<br><br>Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-00843<br><br>District Court Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Court Judge Jill Parish pursuant to 28 U.S.C. § 636(b)(1)(B) (doc. 2.)

Currently pending before the court is (1) Defendant Democratic National Committee's ("DNC") Motion to Dismiss (doc. 6); (2) Defendant Republican National Committee's ("RNC") Motion to Dismiss (doc. 18); and (3) Plaintiff Gary Vernon Heesch's ("Mr. Heesch") "Motion For A Summary Judgment For Default Against The Republican National Committee And Its Affiliates In All Fifty States In The United States Of America" (doc. 14.)

I. BACKGROUND

On November 30, 2015, Mr. Heesch, a resident of Springville, Utah, filed his complaint against Defendants DNC and RNC (doc. 1.) Citing to various United States Constitutional provisions, Mr. Heesch alleges causes of action against the DNC and RNC for "Coercion" and "Insurrection" and requests an injunction against "both the Republican and Democratic planned Presidential Nomination conventions" from "any further financial support of their congressional

1

candidate throughout the United States of America." (*Id*. at 3.) In addition, the complaint asserts that Defendants lack "legal standing" under Article I of the U.S. Constitution, monopolize political power "at the exclusion of more qualified candidates" and conspire with Franklin D. Roosevelt and other politicians to "mislead the American people" into various wars beginning with WWII (doc. 1 at 2-4, 11, 14). Mr. Heesch asserts Defendants exclude him at the expense of his "vest[ed] member[ship] of the American people's government," and requests that a jury be empaneled to restore "the government back to the people" (*Id*. at 14.)

On December 30, 2015, DNC filed its motion to dismiss Mr. Heesch's complaint for failure to state a claim and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12 (doc. 6); *see* Fed. R. Civ. P. 12(b)(1) and (6).

On March 24, 2016, Mr. Heesch filed a "Motion For A Summary Judgment For Default Against The Republican National Committee And Its Affiliates In All Fifty States In The United States Of America" against the RNC (doc. 14.) Shortly thereafter, the RNC filed an opposition to the motion for default (doc. 17) and joined in the DNC's motion for dismissal of the complaint pursuant to federal rule 12 (doc. 18.)

II.  **MOTIONS TO DISMISS**

As an initial matter, both RNC and DNC assert they were not properly served in violation of Rule 4 of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 4. However, in the interest of resolving the matter expeditiously, Defendants waive their service arguments and move to dismiss the complaint on its merits.

Accordingly, upon review and for the reasons set forth herein the court recommends that Defendants' motions to dismiss are granted and Mr. Heesch's motion for default judgment is denied.

### 1. Failure to State A Claim Under Federal Rules 8 and 12.

To state a proper claim, a plaintiff must offer "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "[s]pecific facts are not necessary" to comply with Rule 8(a)(2), the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original), and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint will not rise above the speculative level unless it contains "sufficient *factual* matter, accepted as true to state a claim to relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (Internal quotations omitted). Conclusory statements do not suffice. *Id*.

Here, Mr. Heesch's recitation of various constitutional provisions, disapproval of the United States' military engagements and disagreement with Defendants' choice in political candidates fail to meet the pleading requirements of rule 8(a)(2). The complaint fails to give Defendants fair notice of the claims alleged against them or to state any plausible facts in support thereof. As a result, Defendants are left to guess the legal contours of Mr. Heesch's claims and for this reason alone dismissal is appropriate.

Further, even assuming the pleading satisfied rule 8, the complaint fails to comply with Federal Rule 12(b)(6) which requires a litigant to plead sufficient and specific allegations that, if taken as true, would entitle him to relief in the federal courts. *See, e.g.*, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The complaint purports to state causes of action for both "Coercion" and "Insurrection". However, absent a

constitutional provision or statutory basis for those claims, subject matter jurisdiction cannot be established. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Upon review, the court is unable to identify any statutory or constitutional rights that recognize or support a claim for "Coercion" or "Insurrection" as valid causes of action. As a result, the court recommends dismissal of the complaint for lack of subject matter jurisdiction. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (stating that a court must have subject-matter jurisdiction over a cause of action.) [1]

In the alternative, even if Mr. Heesch intended to plead a claim in diversity the complaint is still subject to dismissal for lack of jurisdiction because the parties are not clearly diverse. Mr. Heesch names as Defendants "the Republican and Democratic Affiliates in all fifty states of the United States of America" (doc. 1, p. 1.) As this presumably includes Utah, complete diversity is lacking and dismissal is appropriate. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (stating that in order to invoke diversity jurisdiction "a party must show that complete diversity of citizenship exists between the adverse parties.")

   **2.   Mr. Heesch Does Not Have Standing.**

In the alternative, the court recommends dismissal of the complaint for failure to establish standing. Without this showing, the court lacks subject-matter jurisdiction and cannot proceed. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (stating that the burden of proof lies with the party claiming federal jurisdiction). To overcome a rule 12(b)(1) motion to dismiss Mr. Heesch must allege sufficient facts to meet both Article III standing and prudential standing. *See Wyoming v. U.S. Dep't of the Interior*, 674 F.3d 1220, 1230-31 (10th Cir. 2012). Mr. Heesch accomplishes neither.

---

[1] The RNC notes coercion is an affirmative defense, often asserted in criminal cases (doc. 18.)

First, Mr. Heesch fails to establish Article III standing which requires a person seeking to invoke federal court jurisdiction allege an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action, and redressable by a favorable ruling.'" *Clapper v. Amnesty Intern. USA*, —U.S—, 133 S. Ct. 1138, 1140-41 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 140 (2010)). Mr. Heesch's alleged injury--- that his governing authority has been infringed--- is neither concrete nor particularized. Moreover, even if the court were to accept this claim as a valid injury, it is so general that virtually every American citizen would be similarly afflicted. The Supreme Court has consistently ruled that:

> [A] plaintiff raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large--does not state an Article III case or controversy.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74.

In turn, the complaint further lacks the requisite particularity in failing to establish how the alleged harms are redressable through a favorable ruling by the court. Protections afforded to political parties under the First Amendment do not allow the court to enjoin Defendants. Further, even if an injunction could be issued Mr. Heesch does not indicate how it would serve his claims by altering the political structure of the country or changing its governance.

### III. PLAINTIFF'S MOTION FOR "A SUMMARY JUDGMENT FOR DEFAULT"

The court recommends that Mr. Heesch's "Motion For A Summary Judgment For Default Against The Republican National Committee And Its Affiliates In All Fifty States In The United States Of America" against RNC is denied. Mr. Heesch argues the RNC neglected to timely respond to his complaint and therefore default judgment should be entered (doc. 14.)

There is, however, no indication RNC was properly served and default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Mr. Heesch could have served the RNC following the Federal Rules of Civil Procedure, the Utah Rules of Civil Procedure, or the D.C. Rules of Civil Procedure. He failed to follow any of these rules. Rather, Mr. Heesch mailed the summons and complaint by U.S. Mail to the RNC in Washington D.C. (doc. 17). That mail was not received by any person who meets the appropriate qualifications for receipt of process. *See* Fed. R. Civ. P. 4(e) and (h); Utah R. Civ. P. 4(d)(2)(B); D.C.R. Civ. P. 4.

"Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." *Cheek v. Garret*, Civ. No. 2:10-cv-508, 2011 WL 846202, at 1 (D. Utah Mar. 8, 2011). RNC was not properly served and Mr. Heesch's motion for default should be denied.[2]

## IV. RECOMMENDATION TO THE DISTRICT COURT

For the reasons stated, this court **RECOMMENDS** to the District Court:

1. DNC's Motion to Dismiss is **GRANTED** (doc. 6);

2. RNC's Motion to Dismiss is **GRANTED** (doc. 18); and

3. Mr. Heesch's Motion for Default Judgment is **DENIED** (doc. 14.)

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id*. Failure to object may constitute waiver of objections upon subsequent review

---

[2] The RNC has 21 days after being served with the summons and complaint to file a responsive pleading. *See* Fed. R. Civ. P. 12. Because the RNC has not been served the time within which to file a responsive pleading has not started to run. Nonetheless, in the interest of efficiency, the RNC opts to make an appearance and join DNC's motion to dismiss (doc. 18.)

DATED this 29th day of June, 2016.

_____
Dustin Pead
U.S. Federal Magistrate Judge