IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY V. HEESCH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE NATIONAL COMMITTEE OF THE REPUBLICAN PARTY, and THE NATIONAL COMMITTEE OF THE DEMOCRATIC PARTY,<br><br>　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-843-JNP-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before the court are three pending motions: Defendant The National Committee of the Democratic Party's ("DNC") Motion to Dismiss (Docket 6), Defendant The National Committee of the Republican Party's ("RNC") Motion to Dismiss (Docket 18), and Plaintiff Gary V. Heesch's Motion For A Summary Judgment For Default Against The Republican National Committee And Its Affiliates In All Fifty States In The United States Of America (Docket 14). The court referred this case to Magistrate Judge Pead under 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on all dispositive matters (Docket 2).

On June 29, 2016, Magistrate Judge Pead filed a Report and Recommendation on the parties' pending motions (Docket 23). In his Report and Recommendation, Judge Pead recommended that the court grant Defendants' motions to dismiss. Specifically, Judge Pead recommended that Mr. Heesch's complaint be dismissed because it "fails to give Defendants fair notice of the claims alleged against them or . . . state any plausible facts in support thereof" as required by Federal Rule of Civil Procedure 8(a)(2). Judge Pead also determined that Mr. Heesch's complaint alleging claims for "Coercion" and "Insurrection" fails to state a claim under

1

Rule 12(b)(6) and that the court lacks subject matter jurisdiction over these claims because "the court is unable to identify any statutory or constitutional rights that recognize or support" these causes of action.

In the alternative, Judge Pead determined that Mr. Heesch lacks standing to bring his claims because "Mr. Heesch's alleged injury—that his governing authority has been infringed—is neither concrete nor particularized," as required by Article III of the U.S. Constitution. Further, Judge Pead found that Mr. Heesch's alleged injury "is so general that virtually every American citizen would be similarly affected," and that such "generally available grievance[s] about government . . . do[] not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992).

With regards to Mr. Heesch's Motion For A Summary Judgment For Default, Judge Pead recommended that the court deny Mr. Heesch's motion. Specifically, Judge Pead determined that a default judgment was not warranted against the RNC because "there is . . . no indication RNC was properly served and default is only appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.' Fed. R. Civ. P. 55." Although the RNC elected to make an appearance to join DNC's motion to dismiss, Judge Pead recommended that Mr. Heesch's motion for default be denied because Mr. Heesch nonetheless failed to properly serve the RNC.

Judge Pead's Report and Recommendation provided that any objections to his recommendation be filed within fourteen days of service. The time to respond has now expired and the court has not received any objections from Mr. Heesch.

Based on the court's *de novo* review of the record, the relevant legal authorities, and Judge Pead's Report and Recommendation, the court concludes that Judge Pead's Report and

Recommendation is a correct application of the law and the facts. Accordingly, the court ORDERS as follows:

1. Judge Pead's Report and Recommendation (Docket 23) is ADOPTED IN FULL;

2. The case is DISMISSED; and

3. The Clerk of Court is directed to close the case.

DATED this 20th day of July, 2016.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge